|, SULLIVAN, Judge.
Jerry Castille was injured in an automobile accident on June 1, 1991. He, his wife, and children filed suit against the State of Louisiana, through the Department of Transportation and Development, and the Parish of Lafayette. Defendants filed joint petitions for declaratory judgment, seeking a judgment declaring the 1996 amendment to La.R.S. 13:5106(B)(1), which established a $500,000 statutory limit on general damages recoverable for personal injuries, to be applicable to the Castilles’ claims. The trial court denied judgment. Defendants appeal. For the following reasons, we affirm.
Background
In 1985, the legislature passed Act No. 452 which amended La.R.S. 13:5106 to establish a $500,000 limitation on general damages in suits against the state, a state *825 agency, or political subdivision. In Chamberlain v. State, Through DOTD, 624 So.2d 874 (La.1993), the Louisiana Supreme Court declared the statute to be unconstitutional, finding that it conflicted with Article XII, Section 10(A) of the Louisiana Constitution. In 1995, the legislature passed Act 1328 which proposed the amendment of Article XII, Section 10(C) of the Constitution to allow the legislature to “limit or provide the extent of liability of the state, a state agency, or a political subdivision in all cases.” Act 1328 was approved by the people of this state and became effective November 23,1995.
In conjunction with Act 1328, the legislature enacted Act 828 which amended La. R.S. 13:5106(B)(1) to limit the recovery of general damages to “the limit of liability in effect at the time of judicial demand.” As of the effective date of the 1 ¡¡amendment, the limit of liability was $750,000. Thereafter, the limit of liability would be established on January 1 of each year by the Commissioner of Financial Institutions. In 1996, La.R.S. 13:5106(B)(1) was amended again to re-institute a fixed limit of liability of $500,000 on general damages. See Act 63 of 1996.
Declaratory Judgment
Defendants’ motions for declaratory judgment are based in part on the language contained in the 1995 constitutional amendment to Article XII, Section 10 and the 1996 amendment to La.R.S. 13:5106(B)(1). Act 1328, the 1995 constitutional amendment to Article XII, Section 10(C), provides in pertinent part:
[T]he legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages .... The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims.
(Emphasis added.)
Act 63 of 1996 amends and re-enacts La.R.S. 13:5106(B)(1) to read as follows:
In all suits for personal injury to any one person, the total amount recoverable, including all derivative claims, exclusive of property damages, medical care and related benefits and loss of earnings, and loss of future earnings, as provided in this Section, shall not exceed five hundred thousand dollars.
(Emphasis added.)
Defendants’ argue that the constitutional amendment specifically defines “all” to include new and existing claims and that “all suits for personal injury” contained in Act 63 was “written to implement constitutionally granted authority to its fullest.” Further, they argue that Act 63 “repealed all limiting language and provided expansively that its provisions apply to ‘all suits for personal injury.’ ”
13We do not agree with Defendants’ analysis of the language contained in the constitutional amendment or the language of Act 63. We begin our review mindful of La.R.S. 1:2 which provides “[n]o Section of the Revised Statutes is retroactive unless it is expressly so stated.” (Emphasis added.) The constitutional amendment defines “all cases” to “includ[e] the circumstances giving rise to liability and the kinds and amounts of recoverable damages.” “All cases” is not defined to include existing claims, as argued by Defendants. Further, the constitutional amendment uses permissive language “[t]he legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims.” (Emphasis added.) There is no indication in the language of the constitutional amendment that the legislature intended any amendment to La.R.S. 13:5106(B)(1) to be applied retroactively.
Next, Defendants argue that the legislature’s use of the phrase “all suits” in Act 63, as opposed to “any suit” in Act 828 of 1995, evidences an intent to apply the *826 $500,000 limit of liability to existing claims under La.R.S. 13:5106. Additionally, they argue that Act 63 not only changed the limit of liability from an amount to be set annually to the fixed amount of $500,000, it also eliminated the phrase “at the time of judicial demand,” and that this is another indication of the legislature’s intent to apply Act 63 retroactively.
Act 828 of 1995 amended La.R.S. 13:5106(B)(1) to read as follows:
In any suit for personal injury, the total amount recoverable, exclusive of medical care and related benefits and loss of earnings, and loss of future earnings, as provided in this Section, shall not exceed the limit of liability in effect at the time of judicial demand. On the effective date of this Subsection, the limit of liability shall be seven hundred fifty thousand dollars. Beginning January 1, 1997, and on that date every year thereafter, the limit of liability shall be the limit | ¿established annually by the commissioner of financial institutions as set forth in Paragraph (3) of this section.
(Emphasis added.)
We do not see the legislature’s use of the phrase “all cases” in Act 63, as opposed to the phrase “any suit” used in Act 828, as an indication by the legislature that the amendment was to be applied retroactively. “All cases” tracks the language of the constitutional amendment and, as previously discussed, the phrase “all suits” does not evidence an intent by the legislature to apply the amendment to La.R.S. 13:5106(B)(1) retroactively. Furthermore, the term “any” includes “all” by definition. Black’s Law DICTIONARY 86 (5th ed.1979).
In Gauthreaux v. Trosclair, 95-549 (La. App. 1 Cir. 6/28/96); 676 So.2d 213, the Patient Compensation Fund argued that a 1991 amendment to La.R.S. 40:1299.44 was applicable to the plaintiffs’ claims which arose out of medical treatment rendered on May 15, 1986. The plaintiffs had settled with one non-qualified health care provider and with one qualified health care provider. Upon notice of the settlement by the qualified health care provider, the Fund entered the litigation. The Fund argued that it should be allowed to litigate the liability of the qualified health care provider and to introduce evidence apportioning fault between the qualified health care provider and the non-health care provider because the amendment granted it authority to defend itself from “all claims due wholly or in part to the negligence or liability of a non-covered health care provider or a product manufacturer” and “all claims arising under R.S. 40:1299.44(D)(2)(b)(x).” See La.R.S. 40:1299.44(D)(2)(b)(x) & (xi) (emphasis added). The Fund argued that the amendment was remedial and should be applied retroactively. ' The trial court | ¡¡determined on summary judgment that the liability of the qualified health care provider was fixed as a matter of law and that the proceedings were limited to the determination of plaintiffs’ damages. Pursuant to Pendleton v. Barrett, 95-2066 (La.5/31/96); 675 So.2d 720, the court of appeal upheld the determination of the trial court, finding “there is no express legislative intent for retroactive application” and that the amendment was substantive and could be applied prospectively only. Id. at 217.
We conclude that the phrase “all cases for personal injury” in Act 63 is not a legislative expression of the intent to apply the amendment retroactively.
Defendants next argue that when the legislature rewrote subsection (B)(1) in Act 63 and eliminated the phrase “at the time of judicial demand,” it indicated its intent to apply the amendment to existing cases. Act 63 replaced a variable limit of liability with a $500,000 fixed limit of liability. In Act 828, the phrase “at the time of judicial demand” referred to the limit of liability in effect at the time the suit was filed because that limit was subject to change each year. Once the variable limit of liability was eliminated, the phrase “at the time of *827 judicial demand” was no longer necessary. The elimination of this phrase is not indicative of legislative intent.
We conclude that neither the use of the phrase “all cases” nor the elimination of the phrase “at the time of judicial demand” from La.R.S. 13:5106(B)(1) by Act 63 indicates an intent by the legislature to apply the $500,000 limit of liability retroactively.
Retroactive Operation of Act 63
Having determined that nothing in Act 63 indicates the legislature’s intent to apply the $500,000 limit of liability retroactively, we must classify La.R.S. |fi13:5106(B)(l) as substantive, procedural, or interpretive. Jacobs v. City of Bunkie, 98-2510 (La.5/18/99); 737 So.2d 14. Generally, a law should be applied by a court as it exists at the time of the court’s decision. Segura v. Frank, 93-1271, 93-1401 (La. 1/14/94); 630 So.2d 714, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Therefore, unless retroactive application of La.R.S. 13:5106(B)(1), as amended in 1996, is impermissible, it must be applied. Interpretive and procedural laws can be applied retroactively. Substantive laws can only be applied prospectively unless legislative expression provides for retroactive application. Jacobs, 737 So.2d 14. See also La. Civ.Code art. 6.
By definition, substantive laws are “laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones.” Id. at 20, quoting Sudwischer v. Estate of Hoffpauir, 97-785, p. 9 (La. 12/12/97); 705 So.2d 724, 729, cert. denied, 524 U.S. 940, 118 S.Ct. 2347, 141 L.Ed.2d 717 (1998). Substantive laws have also been defined to include laws that “destroy rights, liabilities, causes of action or legal duties.” Gauthreaux, 676 So.2d at 217.
The legislature itself has recognized that this provision is substantive, stating in La. R.S. 13:5106(E)(4):
[T]he purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the constitution.
(Emphasis added.)
In Dubois v. State Farm Insurance Co., 571 So.2d 201, 207 (La.App. 3 Cir.1990), unit denied, 575 So.2d 367 (La.1991), this court concluded that La.R.S. 13:5106(b)(l) was substantive, stating:
|7[T]he limitation on recovery expressed by the amendment incorporated into La. R.S. 13:5106(B)(1) is a substantive law.... If this amendment, passed after the accident, is permitted to apply, Dubois’ right to recover is limited to $500,000. Thus the amendment is a substantive law. It limits a right, rather than merely providing a procedural or adjective provision prescribing a method of enforcement of the right, or obtaining redress for its invasion. We conclude that the limitation amendment applies only to recovery in accidents occurring after its passage.
(Emphasis added.)
Thereafter, in Socorro v. City of New Orleans, 579 So.2d 931, 944 (La.1991), the supreme court held “LSA-R.S. 13:5106(B)(1) is clearly substantive ... because it has the effect of changing the law regarding the amount of damages recoverable in personal injury lawsuits,” reasoning that “[t]he very substance of the claim for damages, the amount thereof, is affected by the legislation.”
Act 63 of 1996 did not change the effect of La.R.S. 13:5106(B)(1); it still limits a plaintiffs right regarding the amount of recoverable tort damages. Therefore, the prior classification of this statute as substantive in Dubois and Socorro is applicable to the 1996 amendment of La.R.S. 13:5106(B)(1).
*828 Defendants cite the case of Simmons v. Forby Contracting Inc., 97-1588 (La.App. 3 Cir. 4/29/98); 712 So.2d 614, writ denied, 98-1427 (La.7/2/98); 724 So.2d 740, as jurisprudential support for its arguments that La.R.S. 13:5106 should be applied retroactively. In Simmons, this court upheld the imposition of liability on the State for its failure to maintain traffic control in an area of roadway construction. In doing so, we quoted the trial court’s determination that the “DOTD is liable in solido with Forby [its contractor] ... subject to the limitations of R.S. 13:5106.” Id. at 618. DOTD’s contract with Forby provided indemnity to DOTD for damages it was obligated to pay as a result of Forby’s negligence. The limitations of La.R.S. lal3:5106(B)(l) were not at issue in Simmons. The issue of retroactivity of the amendment to the statute was not addressed in Simmons. Accordingly, Simmons does not support Defendants’ position.
The judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendants.
AFFIRMED.